UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KIMBERLY T. JONES, )
)
   Plaintiff, )
)
v. ) Case No.
)
THE CBE GROUP, INC, )
)
   Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, KIMBERLY T. JONES ("Plaintiff"), through her attorneys, Molner Law Group, LLC, alleges the following against Defendant, THE CBE GROUP, INC. ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. Count II of Plaintiff's Complaint is based on the tort of Invasion of Privacy by Intrusion upon Seclusion.

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 as it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."
6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

7. Plaintiff is a natural person residing in Kansas City, Johnson County, State of Missouri.
8. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).
9. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).
10. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).
11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.
12. Defendant is an Iowa business corporation and national collection agency based in the City of Cedar Falls, Black Hawk County, State of Iowa.
13. Defendant is a business entity engaged in the collection of debt within the State of Missouri.
14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.
15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.
16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various

means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

20. In or around November 2019, Defendant began inundating Plaintiff with collection calls in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff on her cellular telephone at 816-225-1767 in an attempt to collect the alleged debt.

22. Defendant calls Plaintiff from several numbers, including 816-203-4253, which is one of Defendant's many telephone numbers.

23. On or about January 7, 2020, Plaintiff returned one of Defendant's calls and told Defendant to stop calling Plaintiff.

24. Despite Plaintiff's request to Defendant to stop calling Plaintiff, Defendant continues to call Plaintiff unabated.

25. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owed.

26. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

27. The natural consequences of Defendant's collectors' actions was to cause Plaintiff mental distress.

28. Defendant calls Plaintiff at an annoying and harassing rate.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

29. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant called Plaintiff at an annoying and harassing rate and then continued to do so even after Plaintiff requested that Defendant stop calling her;

    b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant called Plaintiff at an annoying and harassing rate and then continued to do so even after Plaintiff requested that Defendant stop calling her;

    c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff;

    d. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff

4

    that Defendant was permitted by law to continue to call Plaintiff with impunity despite Defendant being told to stop calling Plaintiff; and

  e. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, KIMBERLY T. JONES, respectfully requests judgment be entered against Defendant, THE CBE GROUP, INC., for the following:

30. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

31. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

32. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33. Plaintiff repeats and re-alleges paragraphs 1-28 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

34. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

35. Defendant intentionally caused harm to the Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

36. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

37. The intrusion by Defendant occurred in a way that would be highly offensive to a

5

reasonable person in that position.

38. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

WHEREFORE, Plaintiff, KIMBERLY T. JONES, respectfully requests judgment be entered against Defendant, THE CBE GROUP, INC., for the following:

a. Plaintiff is entitled to and seeks actual damages; and

b. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

March 9, 2020   By: /s/ Mark D. Molner
                Mark D. Molner, Esq. (SBN 62189)
                MOLNER LAW GROUP, LLC
                300 E. 39th Street, Suite #1G
                Kansas City, MO 64111
                T (816) 281-8549
                F (816) 817-1473
                mark@molnerlaw.com